PEOPLE ex rel. Paul D. FELD, Thomas J. Hausam, and Thomas J. Noel, and on behalf of themselves as individuals, Plaintiffs-Appellants,

v.

CITY AND COUNTY OF DENVER; Mile Hi Cablevision Associates, Ltd.; Mile Hi Cablevision, Inc., Defendants-Appellees,

and

Carole A. HARRISON, Arthur J. Smith, Helen M. Douglas, Seymour G. Laff, and Mary E. Baca, individually, and the People of the State of Colorado Upon the Relation of Carole A. Harrison, Arthur J. Smith, Helen M. Douglas, Seymour G. Laff, and Mary E. Baca, as Taxpaying Electors of the City and County of Denver, Plaintiffs-Appellants,

v.

CITY AND COUNTY OF DENVER, a municipal corporation, William Scheitler, T.J. Hackworth, M.L. Sandos, Paul A. Hentzell, Paul L. Swalm, John J. Silchia, Edward F. Burke, Jr., King M. Trimble, Salvadore Carpio, Cathy Donahue, William R. Roberts, Cathy Reynolds and Robert Crider as members of the City Council of the City and County of Denver, William H. McNichols, Jr., as Mayor of the City and County of Denver, and Mile Hi Cablevision Associates, Ltd., Defendants-Appellees.

William C. DANKS, Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER, Mile Hi Cablevision Associates, Ltd., Mile Hi Cablevision, Inc., Defendants-Appellees.

Nos. 82CA0583, 82CA0949.

Colorado Court of Appeals, Div. II.

May 26, 1983.

Certiorari Denied Nov. 15, 1983.

William C. Danks, Denver, for plaintiffs-appellants Feld, Hausam, and Noel in 82CA0949 and pro se in 82CA0583.

Coghill & Goodspeed, P.C., H. Thomas Coghill, Paul E. Goodspeed, Don Lively, Denver, for plaintiffs-appellants Harrison, Smith, Douglas, Laff, and Baca.

Holland & Hart, William C. McClearn, Elizabeth A. Phelan, Denver, for defendants-appellees Mile Hi Cablevision.

Max P. Zall, City Atty., George J. Cerrone, Jr., Steven J. Coon, Andrew L. Weber, Denver, for defendants-appellees City and County of Denver and officials thereof.

TURSI, Judge.

Plaintiffs appeal the dismissal of their respective complaints. We reverse.

Plaintiffs, by three separate actions, two of which were consolidated in the trial court, and all of which are consolidated for disposition in this court, sought declaratory and injunctive relief against the defendants. The substance of plaintiffs' complaints is that as qualified taxpaying electors of Denver, a home rule city, their constitutionally protected right to vote was injured by the granting of a franchise to construct and operate a cable television system in Denver. Defendants filed motions to dismiss, or in the alternative for summary judgment. The trial court granted the motions to dismiss on the pleadings concluding that plaintiffs lacked standing.

Plaintiffs contend that the passage of a charter amendment by the voters of Denver abridges their constitutionally guaranteed rights to vote on a franchise as provided in *Colo. Const.* Art. XX, Sec. 4.

The charter amendment in question provides:

"The authority conferred upon the Council hereunder shall include the authority to act in the name and on behalf of the city and county of Denver on all matters pertaining to the installation and operation of a cable television system in the city and county of Denver. No additional authorization relating to such matters shall be required to be submitted to a vote at any election"

*Colo. Const.* Art. XX, Sec. 4 provides in part:

"No franchise relating to any street, alley or public place of the . . . city and county [of Denver] shall be granted except upon vote of the qualified taxpaying electors, and the question of its being granted shall be submitted to such vote upon deposit with the treasurer of the expense (to be determined by said treasurer) of such submission by the applicant for said franchise."

The sole issue before this court is whether plaintiffs have standing to pursue the claim which they allege. The rule with respect to standing when challenging governmental action received careful scrutiny in *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). *Wimberly* states that:

"The proper inquiry on standing is whether the plaintiff has suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions. If he has not, standing does not exist, and the case must be dismissed. If he does, standing exists, and the case must proceed to judgment on the merits."

Here, the plaintiffs allege abridgment of their constitutionally guaranteed right to vote upon the granting of any franchise relating to the streets, alleys, or public places at an election wherein the applicant has deposited the expense of the election with the treasurer. They claim this right as qualified taxpaying electors. Thus, plaintiffs have alleged injury in fact to a constitutionally protected right and do have standing. *Cf. Hartman v. Denver,* 165 Colo. 565, 440 P.2d 778 (1968). Since plaintiffs have standing to challenge the charter amendment, this matter must be allowed to proceed to judgment on the merits. *Wimberly v. Ettenberg, supra.*

We do not by this opinion make any determination as to any issue pertaining to the merits of plaintiffs' claim, including the issues of whether the granting of rights to install and operate a cable television system constitutes the granting of a franchise, or the effect of the charter amendment election. *See Conrad v. Denver,* 656 P.2d 662 (Colo.1982).

The judgments are reversed and the cause is remanded for trial.

ENOCH, C.J., and SILVERSTEIN,* J., concur.